UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 22-cr-16 |
| DEVIN CHANEY | SECTION: T (1) |

### ORDER AND REASONS

Before the Court is Defendant Devin Chaney's *pro se* Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). R. Doc. 118. The Government opposes the Motion, R. Doc. 124, and Mr. Chaney has submitted a reply memorandum in support, R. Doc. 126. Having considered the parties' arguments, along with the applicable law and facts, the Court **DISMISSES** the Motion without prejudice, to refile upon satisfaction of 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

**I. BACKGROUND**

On October 25, 2022, Chaney pleaded guilty, pursuant to a written plea agreement, to two counts of an eleven-count Superseding Indictment: Hobbs Act Robbery, in violation of 18 U.S.C. § 2113(a), (d), and Armed Bank Robbery, in violation of 18 U.S.C. § 1951(a).[1] R. Doc. 101, p. 1. *See also* R. Doc. 52, pp. 1-6. The Court sentenced Chaney to a term of imprisonment of 188 months

---

[1] In exchange for Chaney pleading guilty to these two counts, the Government agreed to dismiss the remaining counts in the superseding indictment at the defendant's sentencing hearing. *See* R. Docs. 71, 101.

1

on June 27, 2023. R. Doc. 101, p. 2. The defendant then filed a direct appeal to the United States Court of Appeals for the Fifth Circuit, arguing that he was improperly sentenced as a career offender. *United States v. Chaney*, 120 F.4th 1300, 1302 (5th Cir. 2024), *petition for cert. filed*, No. 24-6543 (U.S. Feb. 11, 2025). The Fifth Circuit dismissed Chaney's appeal, finding that the appellate waiver in his plea agreement was "both knowing and voluntary." *Id.* at 1303-04.

On May 2, 2025, Chaney, proceeding *pro se*, filed the instant Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). R. Doc. 118, p. 1. Chaney makes several arguments in support of his Motion. *Id.* First, Chaney argues that, because the Sentencing Guidelines now allow downward departures "due to the defendant's youthfulness at the time of the offense or prior offenses," the Court should consider his youthfulness at the time he committed a prior offense that "was used to give defendant a career offender status."[2] *Id.* at pp. 6-8. Second, Chaney contends that his disadvantaged youth, considered alongside his behavior while incarcerated, supports a sentence reduction. *Id.* at pp. 8-12. Third, Chaney claims that the disparity between the sentence imposed and future sentencings after Amendment 829 to the Sentencing Guidelines in 2024 warrants relief. *Id.* at pp. 12-13. Lastly, Chaney argues that his mental health issues, as well as his post-conviction rehabilitation efforts, support an early release, *id.* at pp. 13-16. Chaney also attached a proposed release plan, highlighting his intent to seek drug and mental health treatment, return to work with his previous employer, and seek the support of family members in New Orleans if released. R. Doc. 118-1, p. 1.

---

[2] Chaney was convicted of possession with intent to distribute cocaine at the age of 22 on March 7, 2012. R. Doc. 118, p. 7.

The Government has responded in opposition, asserting that the Motion should be denied because (1) Chaney "provides no facts nor documentation showing that he has exhausted his administrative remedies as required under [18 U.S.C. § 3582]," (2) he "has not sufficiently identified a basis upon which he is eligible for compassionate release," and (3) "the § 3553(a) factors require a denial of Chaney's motion for a sentence reduction." R. Doc. 124, p. 1. Chaney has filed a reply, contending, among other arguments, that the exhaustion requirement has been satisfied because he allegedly submitted his original request to the warden "back in March 2025, but [it] was ignored and non-processed by BOP staff who waited until September to notify [him] and request for [him] to resubmit [his] application." R. Doc. 126, pp. 1-2.

## II. LAW & ANALYSIS

As a preliminary matter, a defendant may move the court for compassionate release after either (a) fully exhausting his administrative rights or (b) upon the lapse of thirty days from a request for relief to the warden of his facility, whichever occurs earlier. *See* 18 U.S.C. § 3582(c)(1)(A).[3] Once the exhaustion requirement has been satisfied, the district court may, upon

---

[3] The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .

motion of the defendant, reduce a defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction and, thereafter, a reduction would be in conformity with the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1); *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The analysis of extraordinary and compelling reasons is informed by—and must be consistent with—applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving he is entitled to a reduction. *See Ward*, 11 F.4th at 361 (citation omitted).

The exhaustion requirement mandates that a defendant seeking a reduction in sentence must first either (a) "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (b) wait "30 days from the receipt of such a request by the warden of the defendant's facility" before filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). As noted by the Government, the Fifth Circuit has "clarified that the requirement that a defendant file a request with the Bureau of Prisons ('BOP') before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule." *United States v. Sentimore*, No. 04-382, 2020 WL 7630778, at *1 (E.D. La. Dec. 22, 2020) (Lemmon, J.) (citing *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020)). Accordingly, "[the requirement] is mandatory if properly raised, but may be waived or forfeited by an opposing party." *Id.* (citing *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019)). Furthermore, "[t]he defendant bears the burden of demonstrating that he has exhausted administrative remedies."

---

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

4

*United States v. Singleton*, No. 14-168, 2022 WL 3576767, at *1 (E.D. La. Aug. 19, 2022) (Affrick, J.).

In its opposition, the Government points out that Chaney has not attached any documentation to support the assertion that he has exhausted his administrative appeal rights as required by statute. R. Doc. 124, p. 3. While Chaney's Motion states, "The defendant has exhausted all administrative rights of appeal . . .," this conclusory statement is supported by any further facts or documentation. R. Doc. 118, p. 1. By noting this deficiency in its opposition, the Government has properly raised the exhaustion requirement.

Chaney has attached multiple documents to his reply memorandum and contends that these exhibits demonstrate exhaustion of administrative remedies. *See* R. Doc. 126-1, pp. 1-8. The first set of documents is a series of transcripts demonstrating Chaney's performance in undergraduate classes while incarcerated. *Id.* pp. 2-3. It is unclear to the Court how such documents relate to exhaustion of administrative remedies. The next is a series of emails sent and received by Chaney in September 2025. *Id*. at p. 4-8. In early September 2025, Chaney sent an email to the warden of his facility "inquiring [about] the status of [his] compassionate release," and the warden's response stated that he had not received a compassionate release request from Chaney. *Id.* at p. 4. Chaney claimed that he had submitted the request to "Ms. Jackson in Delta B around March/April 2025."[4] *Id.* at p. 5. The next email Chaney sent to the warden indicates that Ms. Jackson "informed [Chaney] that she misplaced [his] compassionate release [request]" because Chaney was not on

---

[4] In a later email to the warden, Chaney clarifies that he submitted this original request on March 19, 2025. *Id* at p. 7.

her caseload, and she advised him to file it again. *Id.* at p. 7. Accordingly, Chaney alleges in this email, he delivered the request to "Ms. Jemensin" by hand that same day, September 23, 2025. *Id.* The final "Administrative Remedy Record" attached to Chaney's reply is a copy of the warden's response to Chaney's request, dated October 21, 2025. *Id.* at p. 7. The response states, in part,

> This is in response to your inmate request to staff received September 24, 2025, wherein you requested a compassionate release based on changes in law, your history and characteristics, disparity in sentencing, mental health issues requiring specialized care not being provided by the BOP, and rehabilitation. . . . Your request has been evaluated consistent with this general guidance, and you currently do not meet the criteria for compassionate release. After careful consideration, your request is denied.

*Id.* The letter concludes by informing Chaney of his right to appeal the decision by submitting a BP-9 form within 20 days of receiving the response. *Id.*

Based on the exhibits presented, Chaney has offered no proof that he submitted his request to the warden any time before September 23, 2025, several months after filing the instant Motion on May 2, 2025. BOP staff officially "received" the request on September 24, 2025, meaning that the 30-day period started to run on that date and would have concluded on October 24, 2025. Fifth Circuit precedent mandates that the exhaustion requirement must be satisfied before filing a motion for compassionate release with the district court: "[T]here can be no doubt," the Fifth Circuit wrote after reviewing caselaw in *Gonzales v. Seal*, "that *pre-filing* exhaustion . . . is mandatory." 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added). *See also Franco*, 973 F.3d at 468 ("[A]ll requests for compassionate release must be presented to the Bureau of Prisons *before* they are litigated in the federal courts.") (emphasis added). The Fifth Circuit reviewed a decision with similar facts to

6

the issue presently before the Court in *United States v. Garrett*, 15 F.4th 335 (5th Cir. 2021). There, the district court denied a defendant's motion for compassionate release because his request to the BOP was not received until two weeks after he had filed his motion. *Id.* at 338. Even though the BOP received the request before the court ruled on the motion, the Fifth Circuit noted that "the district court was correct that, *when his motion was filed* . . . [the defendant] had failed to satisfy the exhaustion requirement." *Id.* (emphasis added). Accordingly, the Court held that the district court's denial of the motion was proper, making clear that a defendant is "required 'to properly exhaust . . . *before* filing' the motion." *Id.* at 339-40 (citing *Gonzalez*, 702 F.3d at 788) (emphasis in original). Whereas the defendant in *Garrett* filed his motion two weeks before the BOP received his request, in this case, Chaney filed his motion four months before the BOP received his request. Accordingly, Chaney has filed his motion prematurely. As noted by the Government in its opposition, "Leniency in construing Chaney's pro se motion, as required by precedent, still does not get Chaney past this 'mandatory, but non-jurisdictional, claim-processing rule.'" R. Doc. 124, p. 3 (citing *Sentimore*, 2020 WL 7630778, at *1).

      Based on his failure to exhaust administrative remedies alone, the Court is required to deny Chaney's motion for compassionate release. Because exhaustion is a threshold requirement for compassionate release, the Court does not consider whether Chaney has shown extraordinary and compelling reasons or whether the sentencing factors favor compassionate release. Chaney may re-file a motion for compassionate release after satisfaction of 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement with respect to each of the grounds raised in his motion.

Accordingly,

**IT IS ORDERED** that the defendant's Motion for Compassionate Release is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 21st day of January 2026.

                                               GREG GERARD GUIDRY
                                           UNITED STATES DISTRICT JUDGE